**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2025[*]
Decided August 6, 2025

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

| | |
|---|---|
| No. 24-2422 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| IN RE BROILER CHICKEN ANTITRUST LITIGATION, | |
| BOSTON MARKET CORPORATION, *et al.*, *Class Members-Appellants*. | |
| | No. 16 C 8637 |
| | Thomas M. Durkin, *Judge.* |

**O R D E R**

This appeal is part of the same litigation as *In re Broiler Chicken Antitrust Litigation (Simmons)*, 133 F.4th 761 (7th Cir. 2025). *Simmons* held that class members known collectively as Boston Market had failed to opt out on time and are bound by a settlement that

---

[*] This successive appeal is being submitted to the original panel under Operating Procedure 6. After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

the class reached with Simmons Foods. Although Boston Market contended that the settlement did not reflect the value of a bid-rigging claim, which the class had agreed to forgo in exchange for faster resolution, Boston Market is bound by the class's decision. We added that the evidence did not show that the settlement produced unreasonably low value for the class, given the risks of complete defeat in the litigation.

Boston Market also objected to settlements with defendants Koch Foods, Inc.; House of Raeford Farms, Inc.; and some affiliated parties (collectively Koch). The district court rejected that protest in a separate decision, 2024 U.S. Dist. LEXIS 150016 (N.D. Ill. Aug. 12, 2024), which became the object of this appeal. We kept it in stasis until *Simmons* was resolved and then received supplemental memoranda about how it is affected by *Simmons*. The class and the settling defendants ask us to affirm; Boston Market requests summary reversal.

The main issue in this appeal, as in *Simmons*, is whether Boston Market remained in the class at the time of the settlement. For the reasons given in our earlier opinion the answer is yes, as the district judge concluded.

The secondary issue is whether Boston Market, as a class member, has shown that the settlement is unreasonably small.

When discussing the value of the Simmons settlement, our opinion remarked:

> The Boston Market group could have hired an expert to assess the likely recovery against Simmons if the class prevailed in full, and discount that by the risk that the class would lose. If that number came in substantially higher than [the settlement amount], that would fuel an argument against the district court's approval of the settlement. But the Boston Market group did not do this. There is some evidence of this kind bearing on other settlements, but none bearing on the settlement with Simmons. Nor is there any evidence addressing the *marginal* value of a bid-rigging theory, compared with a supply-reduction theory alone.

133 F.4th at 764. Boston Market's post-*Simmons* filing contends that a report by Laurel Van Allen fills the bill for the Koch claims, but it does not.

Van Allen did not try to estimate damages. Instead of conducting a standard antitrust-overcharge model, Van Allen just calculated how much higher prices were in 2015 compared with 2014. Yet prices of agricultural commodities vary over time; to observe this is not to establish either the existence or the effect of collusion. What Boston Market needed was an estimate of how prices of broiler chickens would have changed

without collusion, but Van Allen did not do that. Nor did she try to estimate the marginal value of a bid-rigging theory compared with a supply-reduction theory alone. Finally, Van Allen did not try to estimate the likelihood that the class would prevail on the merits, a step essential to value the released claims. All in all, the exercise does not undermine the district judge's conclusion that the Koch settlement is reasonable.

AFFIRMED